|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHON MORA, | No. 1:26-cv-00970-DC-SCR (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS |
| TPDD LYONS, | |
| Respondents. | (Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition (Doc. No. 1 at 5–19). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802

1

1  (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511
2  (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D.
3  Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the
4  petitioner's due process claim).

5      On February 4, 2026, the court issued an order informing the parties that it was
6  considering ruling directly on the petition and asking both parties whether they oppose
7  simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc.
8  No. 6.) The court also directed Respondents to address whether there are any factual or legal
9  issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*,
10 *Labrador-Prato*, and *D.L.C.* (*Id.*)

11     On February 5, 2026, Respondents filed their opposition to Petitioner's motion for
12 temporary restraining order in which they oppose Petitioner's motion on the same grounds as
13 those addressed by the court in the aforementioned cases, but acknowledge that "there are no
14 substantial factual or legal issues that render this case distinguishable from this Court's prior
15 decisions in" those cases. (Doc. No. 8 at 1.) Respondents further indicate that they "are amenable
16 to the Court ruling on the underlying petition." (*Id.*) On that same day, Petitioner filed his reply
17 indicating that he likewise does not oppose the court ruling directly on Count One of the Petition.
18 (Doc. No. 9 at 5.)

19     Because Respondents have not made any new legal arguments and have not identified any
20 factual or legal issues in this case that would distinguish it from the court's aforementioned prior
21 decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2)
22 and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Jhon Mora shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on September 17, 2025. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

2. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:  **February 10, 2026**

Dena Coggins
United States District Judge

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.